Núm. 7273.—Serbiá, aplte. *v.* Cortés, et al., apldos.—C. D. San Juan. ▮▮▮▮▮▮▮▮▮▮▮▮▮ Enero 28, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, los únicos supuestos errores señalados por un nuevo

abogado que no representaba a la demandante en la corte de distrito son:

*"Primero:*

"Que la corte apelada cometió error al resolver este caso como si fuera uno en el que estuviera envuelta una cuestión de una obligación nacida de culpa o negligencia, cuando en realidad éste es un caso en que está envuelto un contrato de comodato celebrado entre la demandante y los demandados.

*"Segundo:*

"Que la corte cometió error al dictar sentencia declarando sin lugar la demanda de este caso, es decir, declarando que la demandante no tenía que reclamar nada de los demandados por haber sido el acto en que se destruyó el automóvil un acto desgraciado, porque siéndolo o no dicho acto un acto desgraciado, dichos demandados vienen obligados siempre a devolver el automóvil a la demandante.''

POR CUANTO, la demanda enmendada si bien no es tan clara ni está tan libre de toda duda o ambigüedad como pudiera desearse se titula "Sobre Cobro de Dinero por Daños y Perjuicios" y termina en esta forma:

*"Cuarto:* Alega la demandante que según información y creencia en el mismo día 17 de junio de 1934, los demandados chocaron contra un árbol el referido automóvil, en la carretera de Río Piedras a Caguas, Km. 19, sitio denominado 'Los Frailes' de la jurisdicción de Río Piedras, destrozándolo completamente y dejándolo inservible.

*"Quinto:* Alega además la demandante, según su información y creencia, que dicho accidente ocurrió única y exclusivamente a la negligencia y falta de cuidado y circunspección del demandado Andrés Cortés, quien allí y entonces manejaba el referido automóvil a una velocidad mayor de cuarenta millas por hora, y en condiciones físicas motivadas por la falta de sueño que no le permitían atender a la conducción de dicho vehículo con la necesaria prudencia y cuidado.

*"Sexto:* Alega la demandante que por virtud de los actos de los demandados al entregar el automóvil completamente destrozado e inservible que le ha ocasionado perjuicios que estima razonablemente en la suma de cuatro cientos cincuenta dólares, toda vez que por los restos de dicho automóvil destrozado solamente recibieron cincuenta dólares.

*"Séptimo:* Que todas las gestiones que ha practicado la demandante para que los demandados le satisfagan la referida suma de cuatro cientos cincuenta dólares han resultado infructuosas.

"POR TANTO, la demandante suplica a la Hon. Corte se sirva dictar sentencia declarando con lugar la demanda y en su consecuencia condene a los demandados a satisfacer a la demandante la suma de cuatro cientos cincuenta dólares de principal, más intereses legales desde la interposición de la demanda, las costas y honorarios de abogado en este procedimiento.''

POR CUANTO, la transcripción de la evidencia empieza del modo siguiente:

"El día 13 de enero de 1936 se llamó este caso para vista, previo señalamiento en el Calendario General de Asuntos Civiles de esta Corte, compareciendo las partes, la demandante por el Lic. Víctor A. Coll, y los demandados por el Lic. Arturo O'Neill.

---

"Sr. O'Neill: Estamos listos.

"Sr. Coll: Estamos listos. Se trata de una acción en cobro de dinero y daños y perjuicios por un automóvil que fué prestado por la señora Serbiá, gratuitamente, bajo la condición de devolverlo en la forma que se entregaba, para que el demandado realizase un viaje a Ponce, y después de haber venido de Ponce los demandados destrozaron el carro completamente, y la señora Serbiá, demandante, pide daños y perjuicios por los causados al automóvil.

"La Corte: ¿Entonces es daños y perjuicios, más bien?

"Sr. Coll: Daños y perjuicios."

Por cuanto, la corte de distrito no cometió error alguno al resolver el caso tomando como base la teoría de ambas partes, tanto en las alegaciones como durante el juicio y mientras se practicaba la prueba "como si fuera uno en el que estuviera envuelta la cuestión de una obligación nacida de culpa o negligencia".

Por cuanto, el argumento bajo el segundo señalamiento sin cita de casos ni jurisprudencia ni el texto de ningún comentarista sobre los artículos 1642 y 1649 del Código Civil mencionados en la discusión del primer señalamiento, no nos convence de que un comodatario sea responsable por la pérdida de un automóvil prestádole y destrozado en un accidente inevitable sin la más mínima culpa o negligencia por parte de dicho comodatario, ni en tal virtud de que exista tampoco el segundo de los dos supuestos errores apuntados;

Por tanto, se confirma la sentencia apelada que dictó la Corte de Distrito de San Juan con fecha 16 de enero, 1936.

Los Jueces Sres. Presidente del Toro y Asociado Córdova Dávila no intervinieron.